# CV 15 - 5335

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
REVA RAGOFKSY,

              Plaintiff,            **DOCKET NO.**

      -against-

CCB CREDIT SERVICES, INC.,

              Defendant.
------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 0 9 2015 ★

## NOTICE OF REMOVAL OF ACTION

BROOKLYN OFFICE

**DEARIE, J.**

**POLLAK, M.J.**

TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF NEW YORK

      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. Section 1441, et seq. defendant CCB CREDIT SERVICES, INC., (hereinafter referred to as "CCB"), hereby removes this civil action from the Civil Court of the City of New York, County of Kings, to the United States District Court for the Eastern District of New York.

### I.   PROCEEDINGS TO DATE

      On or about August 5, 2015, plaintiff, REVA RAGOFSKY, filed a summons and complaint dated July 30, 2015 in the civil action captioned REVA RAGOFSKY against CCB CREDIT SERVICES, INC, Index No. 049294/15, in the Civil Court of the City of New York, County of Kings. Defendant was served with the summons and complaint on August 6, 2015. The complaint alleges a violation of the Fair Debt Collection Practices Act, and plaintiff seeks

statutory and actual damages as well as attorney fees and other relief.

Copies of all pleadings and other papers plaintiff previously filed with the Civil Court, Kings County, are annexed hereto as Exhibit "A", as required by 28 U.S.C. Section 1446.

## II.   GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action because this action arises under a Law of the United States. See 28 U.S.C. Section 1331.   This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (See Exhibit "A")   Accordingly, according to 28 U.S.C. Section 1331, this Court has original jurisdiction over this case.

## III.  VENUE

Plaintiff's action is pending in Civil Court of the City of New York, County of Kings, which is within this judicial district and division.   28 U.S.C. Section 112(c).   The United States District Court for the Eastern District of New York is the District Court and Division within which CCB may remove this action, pursuant to 28 U.S.C. Section 1441(a) and within which defendant must file this Notice of Removal, pursuant to 28 U.S.C. Section 1446(a).

### IV.   TIMELINESS

This Notice of Removal is timely filed.   Defendant has acknowledged service of a copy of the summons and complaint. Plaintiff has not filed any Affidavit of Service.   This notice of Removal complies with 28 U.S.C. Section 1446(b).

### V.   NOTICE

Pursuant to 28 U.S.C. Section 1446(b), defendant, CCB, is simultaneously filing a copy of this Notice of Removal with the Civil Court of the City of New York, County of Kings. Plaintiff's counsel is also being served with a copy of this Notice of Removal.

### VI.   CONCLUSION

For the foregoing reasons, CCB respectfully requests that this action, previously pending in the Civil Court of the City of New York, County of Kings be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated:     New City, NY
           September 1, 2015

Respectfully submitted,

ARTHUR SANDERS, ESQ.   (AS-1210)
BARRON & NEWBURGER, P.C.
Attorneys for defendant
30 South Main Street
New City, NY   10956
845-499-2990

# **EXHIBIT A**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

**049294**

| | |
|---|---|
| REVA RAGOFSKY | Index No._____ |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| -against- ) | |
| ) | Plaintiff's Residence Address: |
| CCB CREDIT SERVICES ) | 1347 East 16th Street |
| 5300 S. 6th Street Defendant.) | Brooklyn, NY 11230 |
| Springfield, IL 62703 ) | |
| ) | Defendant's Residence Address: |
| ) | CCB Credit Services |
| ) | C/O New York Secretary of State |
| ) | Office of the Department of State |
| ) | One Commerce Plaza |
| ) | 99 Washington Avenue |
| ) | Albany, NY 12231 |
| ) | |
| ) | The basis of the venue designated is: |
| ) | Plaintiff resides in Kings County |

To the above named defendant:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Kings, at the office of the Clerk of said Court at 141 Livingston Street, Brooklyn, in the County of Kings, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon failure to answer, judgment will be taken against you for the sum of $15,000.00 with interest thereon from the 31st day of July, 2015.

Dated, the 31st day of July, 2015

Daniel Kohn, Esq.
*Attorneys for Plaintiff Reva Ragofsky*
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 Ext. 201
Fax: (201) 282-6501

NOTE: The law provides that:

(a) If this Summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this Summons is served by delivery to any other person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service is filed with the Clerk of this Court within which to appear and answer.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
Reva Ragofsky

                                        Plaintiff,

                                                            Index No: _____

                                                            **COMPLAINT**


        -v.-

CCB Credit Services, Inc.

                                        Defendant.
------------------------------------------------------------------------x

Plaintiff Reva Ragofsky ("Plaintiff" or "Ragofsky") by and through her attorneys, RC Law

Group, PLLC, as and for its Complaint against Defendant CCB Credit Services, Inc.

("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the

following:


### INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief

arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United

States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.      Plaintiff is a resident of the State of New York, County of Kings, residing at 1347 East

16th Street, Brooklyn, NY 11230.

3.      CCB Credit Services, Inc. is a "debt collector" as the phrase is defined in 15

U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5300 S 6th Street,

Springfield, IL, 62703.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this judicial district pursuant under N.Y. CVP. Law 301(a), because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL ALLEGATIONS

6.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

7.      On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8.      This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.      On or around April 1, 2015, the Defendant caused to be delivered to the Plaintiff a letter (the "Letter") addressed to the Plaintiff, seeking collection of the Alleged Debt.

10.     The Letter is a "communication" as defined by 15 U.S.C.§ 1692a(2).

11.     The Letter was mailed in a window envelope.

12.     Being sent in a windowed envelope, the Quick Response Code (QR Code) containing sensitive, personal and financial information of the Plaintiff was visible from the window of the envelope.

13.     Many consumers have QR code application already installed on their phones to enable them to access QR codes.

14.     When the QR code is scanned information such as the account number that is associated with the debt will be disclosed as well as the debt collector.

15.     The aforementioned information is personal identifying information relevant to the Alleged Debt.

16.     Additionally this collection letter included collection costs equaling approximately 15% of the total debt.

17.     The account has a principal balance of $ 5,564.93, and the Defendant has added collection costs of $ 873.41 which is roughly 15% of the total debt.

18.     Plaintiff did not agree to such a collection charge and the 15% collection fee, far exceeds any reasonable costs of collection for this account.

19.     The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692c(5), 1692e(10), 1692f, and 1692f(1). *See* Kojetin v. CU Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000) ("Contrary to [the Collector's] view, we agree with the district court's conclusion that [the Collector] violated the FDCPA when it charged Kojetin a collection fee based on a percentage of the principal balance that remained due rather than the actual cost of the collection.").

20.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692e, 1692e(5), 1692e(10), 1692d, 1692f, and 1692f(8).

23.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Reva Ragofsky demands judgment from the Defendant CCB Credit Services, Inc., as follows:

a)      For actual damages provided and pursuant to <u>15 U.S.C. § 1692k(a)1;</u>

b)      For statutory damages provided and pursuant to <u>15 U.S.C. § 1692k(2)(A);</u>

c)      For attorney fees and costs provided and pursuant to <u>15 U.S.C. § 1692k(a)(3);</u>

d)      A declaration that the Defendants practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
      July 31, 2015

RC Law Group, PLLC
By: Daniel Kohn Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501